**David P. Rossmiller, OSB No. 983395**
Email: david.rossmiller@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
701 NE 136th Avenue, Suite 200
Vancouver, WA 98684
Telephone:     (360) 612-0515
Facsimile:     (360) 612-0516

*Attorneys for Plaintiff American*
*Hallmark Insurance Company of Texas*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas company,<br><br>Plaintiff,<br><br>vs.<br><br>THE HEATING SPECIALIST, INCORPORATED, an Oregon corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT**<br>**(Declaratory Judgment)** |

Plaintiff American Hallmark Insurance Company of Texas ("Hallmark") brings this complaint for declaratory judgment against defendant The Heating Specialist, Incorporated ("Heating Specialist") under 28 U.S.C. § 2201, the federal Declaratory Judgment Act, alleging as follows:

**PARTIES**

1.     American Hallmark Insurance Company of Texas is a Texas company with its principal place of business in Dallas, Texas. At all relevant times, Hallmark has been licensed and

Page 1 – COMPLAINT (Declaratory Judgment)

registered to write certain lines of insurance in Oregon.

2. Upon information and belief, The Heating Specialist, Incorporated, is an Oregon corporation, which, at all times relevant, had its principal place of business in Multnomah County, Oregon. Upon further information and belief, at all times relevant, Heating Specialist has been domiciled in Oregon.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statue.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because Hallmark is providing a defense under a full reservation of rights to Heating Specialist in the Underlying Arbitration against Heating Specialist (defined below) and defense fees and costs, upon information and belief, will exceed the sum of $75,000; and because, upon information and belief, the amounts sought by the plaintiff in the Underlying Arbitration exceed $75,000; and because the policy limits of the Hallmark Policy issued to Heating Specialist exceed $75,000. If the amounts of the defense and potential indemnity do not, by themselves, exceed the sum or value of $75,000, together they do.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) because the defendant is domiciled in this District, because the events giving rise to the claims in the Underlying Arbitration occurred in this District and because the insurance was issued in this District.

## THE RELEVANT INSURANCE POLICIES

6. Heating Specialist is the named insured on Hallmark Commercial Policy number 44-CL-009003981 with effective yearly dates from September 1, 2020 to September 1,

2023 (the "Policy"). The Policy has a Commercial General Liability (Per Occurrence) limit of $1 million, a General Aggregate Liability limit of $2 million, and a Products-Complete Operations aggregate liability limit of $2 million. The Policies' Commercial Umbrella Liability section has a General Liability (Per Incident) limit of $2 million, and a Products-Completed Operations Aggregate limit of $2 million. Certified copies of the Hallmark Commercial Policy for the 2020-2021, 2021-2022 and 2022-2023 policy periods are attached to this Complaint as **Exhibit 1**. The Commercial Policy is incorporated in this Complaint as if referenced in full herein.

## COMMON ALLEGATIONS

7.  Heating Specialist is the defendant/respondent in an Arbitration Statement of Claim filed by the Association of Unit Owners of the Cardinal View Lofts Condominium with the Arbitration Service of Portland on or about May 12, 2021 (the "Underlying Arbitration"). A copy of the Arbitration Statement of Claim in the Underlying Arbitration is attached to this Complaint as **Exhibit 2**.

8.  The Arbitration Statement of Claim (the "Claim" or the "Arbitration Claim") was filed by the Association of Unit Owners of the Cardinal View Lofts Condominium with the Arbitration Service of Portland on or about May 12, 2021. The Claim alleges that Cardinal View Lofts is a 58-residential-unit condominium complex created pursuant to the provisions of the Oregon Condominium Act, ORC Chapter 1001. The Condominium is the property at issue, and the actual claimant is the Association of Unit Owners of the Condominium. The Claim, which in the document's caption states that the prayer amount sought is $951,500, alleges that the Association of Unit Owners of the Condominium is an Oregon nonprofit corporation organized under ORS Chapter 100. The members of the Association are alleged to be individual unit owners

Page 3 – COMPLAINT (Declaratory Judgment)

of the Condominium, and it is alleged that the Association is responsible for the maintenance, repair and replacement of all common elements of the Condominium, including the heating, ventilation and air conditioning system. It is further alleged in the Claim that respondent Heating Specialist, an Oregon corporation, was at all relevant times licensed as a Commercial Specialist Contractor and Resident General Contractor in Oregon. In 2021, it is alleged, Heating Specialist entered into a contract with the Association to install a new, building-wide Daikin VRV HVAC2 system and related systems/materials. The contract, which is 28 pages, was attached as an exhibit to the Claim. It is alleged in Paragraph 6 of the Claim that the contract contains an arbitration clause that states that any claims not resolved by mediation shall be resolved by binding arbitration administered by the Arbitration System of Portland. The contract also allegedly contains a pre-arbitration mediation requirement, which the Association and Heating Specialist allegedly agreed to waive.

        9.        It is alleged that, pursuant to the contract, Heating Specialist owed the Association a duty to perform the VRV HVAC project in a reasonable and workmanlike manner, and in compliance with all applicable building codes, industry standards and manufacturer's specification. It is further alleged that, unbeknownst to the Association, Heating Specialist "improperly performed its work resulting in construction defects and property damage" to the Condominium. In paragraph 9 of the Claim, the 11 examples listed of that allegation are: "a. Failure to properly install Daikin rooftop VRV system and related systems; b. Failure to properly install Daikin system in accordance with manufacturer's recommendations and specifications; c. Failure to properly install Daikin system per the Daikin WebExpress layout and failure to comply with Daikin recommendations and instructions relating to the WebExpress layout; d. Failure to

Page 4 – COMPLAINT (Declaratory Judgment)

install central controller; e. Failure to properly label rooftop units and heat recovery units; f. Failure to properly maintain and/or repair Daikin system; g. Failure to install the system in accordance with applicable plans and specifications; h. Failure to properly commission Daikin system; i. Failure to construct and/or install the Daikin system, and related systems, in a reasonable and workmanlike manner and in accordance with Oregon's Building Code; j. Failure to properly investigate, repair, and/or adequately complete repairs to reported warranty items with the work performed at the Project; and k. Other defects not yet discovered." Notably, all of the things listed are construction defects, not physical damage to other tangible property. However, the next paragraph, Paragraph 10, not only alleges "extensive repairs are necessary" but also says that the repairs are necessary to correct not only defects but also "resultant property damage" and to minimize the "risk of further property damage." The Claim seeks $501,500 for "repair, replacement, and remediation costs, $250,000 for "loss of enjoyment and use," and $200,000 for "diminution of value." However, even though paragraph 10 alleges resultant property damage, no specific physical damage to other tangible property is cited in the paragraph. In addition to the $951,500 of damages alleged in paragraph 10, paragraph 11 alleges that the Association is entitled to prejudgment interest of 9 percent pursuant to Oregon statute ORS 82.010, which would be another $85,634. Allegedly, to try to avoid litigation, prior to filing the Claim, the Association sent a written notice of "the construction and installation defects alleged herein, describing the necessary repairs and requesting that Heating Specialist perform the necessary repairs, but Heating Specialist allegedly failed to respond or otherwise "agree to fully remediate or repair the defects and damages" listed in the Claim. The prior written notice is alleged because pursuant to Oregon statutes, a property owner must notify a contractor before filing suit or compelling arbitration and

Page 5 – COMPLAINT (Declaratory Judgment)

must allow for inspection and give an offer to remedy defects and/or damages. The Claim contains three causes of action against Heating Specialist. The first cause of action – Breach of Contract – alleges that Heating Specialist breached the contract as described in the Claim's paragraph 6, which is explained above. As a result of the breach of contract, it is alleged, the Association "has suffered losses and property damage." The second cause of action contains two counts. The first count – Negligence – alleges that Heating Specialist negligently performed its construction work and, as a result, the Association "has suffered property damages and other losses. . . ." The second count – Negligence per se – alleges that Heating Specialist violated the Oregon Building Code statute by performing defective work. Count two also alleges "property damage and other losses," but neither count describes any particular physical injury to tangible property. The third cause of action – Express Warranty – alleges that pursuant to the terms of its contract, Heating Specialist warranted that its work would be suitable for its intended use and would be in accordance with the standards set forth in the contract documents and manufacturer's specifications, and it is alleged that Heating Specialist breached its warranty, causing the Association to suffer "losses and property damage," but, again, no specific physical injury to tangible property is described.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – DUTY TO DEFEND)

10. Hallmark realleges and incorporates by reference all previous paragraphs.

11. An actual and justiciable controversy exists between Hallmark and Heating Specialists in the Underlying Arbitration under the Policy. Namely, Hallmark does not believe it

owes a duty to defend Heating Specialists under the Policy but Heating Specialist apparently believes they are owed a defense from Hallmark.

12. Hallmark had no duty to defend Heating Specialists under the Policy because, among other reasons:

13. Under Oregon law, construction defects are not "property damage" caused by an "occurrence," which is necessary to trigger the policy's Coverage A insuring agreement, and multiple policy exclusions apply and preclude coverage.

## SECOND CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

14. Hallmark realleges and incorporates by reference all previous paragraphs.

15. An actual and justiciable controversy exists between Hallmark and Heating Specialist in the Underlying Arbitration under the Policy. Namely, Hallmark does not believe it owes a duty to indemnify any potential liability of Heating Specialist under the Policy but Heating Specialists apparently believes they are potentially owed indemnity from Hallmark.

16. Hallmark has no duty to indemnify Heating Specialist under the Policy for any potential liability because, as stated above regarding the duty to defend, among other reasons, construction defects are not "property damage" caused by an "occurrence," which is necessary to trigger the policy's Coverage A insuring agreement, and multiple policy exclusions apply and preclude coverage.

17. For such other relief that the Court deems just and proper.

/ / /

/ / /

DATED this 28th day of October, 2024.

           QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

           By  */s/ David P. Rossmiller*
             **David P. Rossmiller, OSB No. 983395**
             Email: david.rossmiller@qpwblaw.com
             701 NE 136th Avenue, Suite 200
             Vancouver, WA 98684
             Telephone:(360) 612-0515
             Facsimile: (360) 612-0516

           *Attorneys for American Hallmark Insurance Company of Texas*

Page 8 – COMPLAINT (Declaratory Judgment)